FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 0 8 2009 ★
BROOKLYN OFFICE

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CHRISTOPHER HAGUE,

                     Plaintiff,

-against-

CITY OF NEW YORK, WILLIAM PETRAGLIA, and
JOHN and JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                     Defendants

-----------------------------------------------------------------X

COMPLAINT

Docket No.

Jury Trial Demanded

09  1954

DEARIE, CH. J.

POLLAK, M.

       Plaintiff CHRISTOPHER HAGUE, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

**JURISDICTION**

       2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

       4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff CHRISTOPHER HAGUE is a citizen of the United States and, at all relevant times, a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, WILLIAM PETRAGLIA, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On January 12, 2007, at approximately 7:50 p.m., plaintiff CHRISTOPHER HAGUE was lawfully present inside 1938 Clove Road, Staten Island, New York.

14. At the aforesaid time and place, the defendants, members of the New York City Police Department, placed handcuffs on plaintiff's wrists, transported plaintiff in an NYPD vehicle, and imprisoned plaintiff at the 120th Precinct stationhouse against his will.

15. While plaintiff remained incarcerated at the 120th precinct, the defendants conspired together to concoct bogus criminal charges against the plaintiff, notwithstanding that he did not violate any law. Plaintiff was imprisoned until January 13, 2007, whereupon he was arraigned on a felony complaint that was sworn to by defendant WILLIAM PETRAGLIA. Notwithstanding that defendant was charged with a class B felony, a criminal court judge released plaintiff on his own recognizance. Plaintiff was maliciously prosecuted by the defendants and forced to defend the baseless charges and appear in the Richmond County Criminal Court on at least ten days. On February 7, 2008, Judge Matthew Sciarrino of the Richmond County Criminal Court dismissed and sealed all the charges filed against plaintiff.

16. All of the above occurred while NYPD officers and supervisors failed to intervene in the illegal conduct described herein.

17. As a result of the foregoing, plaintiff CHRISTOPHER HAGUE sustained, *inter*

3

*alia*, physical injuries, emotional distress, embarrassment, humiliation, anxiety, mental anguish, deprivation of his liberty, violation of his constitutional rights, and special damages.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

18. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "17" with the same force and effect as if fully set forth herein.

19. All of the aforementioned acts of defendants, his agents, servants and employees were carried out under the color of state law.

20. All of the aforementioned acts deprived plaintiff CHRISTOPHER HAGUE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

23. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

4

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

24.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25.     The defendants unlawfully imprisoned and arrested plaintiff CHRISTOPHER HAGUE against his will and in the absence of probable cause or privilege.

26.     As a result of the foregoing, plaintiff CHRISTOPHER HAGUE was handcuffed, held in jail cells, and otherwise deprived of his right to be free from false arrest.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

27.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Richmond County District Attorney's office.  The aforesaid prosecutions were terminated in favor of plaintiff CHRISTOPHER HAGUE when it was dismissed and sealed on or about February 7, 2008.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

31.     The defendants failed to intervene to prevent the unlawful conduct described herein.

32. As a result of the foregoing, plaintiff CHRISTOPHER HAGUE's liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to physical restraints, and he was prosecuted without probable cause.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The supervisory defendants personally caused plaintiff CHRISTOPHER HAGUE's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. Upon information and belief, the aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY

OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

38. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHRISTOPHER HAGUE.

39. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHRISTOPHER HAGUE as alleged herein.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

41. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CHRISTOPHER HAGUE was unlawfully detained, searched, arrested, imprisoned and prosecuted.

42. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHRISTOPHER HAGUE's constitutional rights.

43. All of the foregoing acts by defendants deprived plaintiff CHRISTOPHER HAGUE of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

      B.      To be free from false arrest;

      D.      To be free from malicious prosecution;

      E.      To receive equal protection under law; and

      F.      To be free from the failure to intervene.

44. As a result of the foregoing, plaintiff CHRISTOPHER HAGUE is entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Within ninety (90) days after some of the claims herein accrued, plaintiff CHRISTOPHER HAGUE duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

47. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

48. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

49. Plaintiff CHRISTOPHER HAGUE has complied with all conditions precedent to maintaining the instant action.

50. This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants arrested plaintiff CHRISTOPHER HAGUE without probable cause or privilege.

53. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

54. As a result of the aforementioned conduct, plaintiff CHRISTOPHER HAGUE was unlawfully imprisoned in violation of the laws of the State of New York.

55. As a result of the aforementioned conduct, plaintiff CHRISTOPHER HAGUE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Prosecution under laws of the State of New York)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants initiated, commenced, and continued criminal proceedings against plaintiff by falsely reporting the events of January 12, 2007 to the Richmond County District Attorney's Office.

58. Defendants caused plaintiff CHRISTOPHER HAGUE to be prosecuted on criminal charges without any probable cause until the charges were dismissed on or about

February 7, 2008.

59. As a result of the aforementioned conduct, Plaintiff CHRISTOPHER HAGUE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

62. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

63. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

64. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff CHRISTOPHER HAGUE.

65. As a result of the aforementioned conduct, plaintiff CHRISTOPHER HAGUE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff CHRISTOPHER HAGUE.

68. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff CHRISTOPHER HAGUE.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

75. As a result of the foregoing, plaintiff CHRISTOPHER HAGUE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CHRISTOPHER HAGUE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 5, 2009

                              LEVENTHAL & KLEIN, LLP
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 722-4100

                              By: _____
                                   BRETT H. KLEIN (BK4744)

                              Attorneys for Plaintiff CHRISTOPHER HAGUE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CHRISTOPHER HAGUE,

                                            Plaintiff,

    -against-

CITY OF NEW YORK, WILLIAM PETRAGLIA and JOHN
and JANE DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                            Defendants.

-------------------------------------------------------------------------X

**COMPLAINT**

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff Christopher Hague
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100